O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN EN PERREIRA, ) | Case No. LA CV 14-9801 JCG |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| v. ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant. ) | |

Stephen En Perreira ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by failing to consider the disability determination statement of his treating psychiatrist at the Department of Veterans Affairs ("VA"). (*See* Joint Stip. at 4, 9-10; Administrative Record "AR" at 536-37.) The Court agrees with Plaintiff for the reasons discussed below.

A. <u>The ALJ Failed to Consider the VA's Disability Determination</u>

As a rule, an ALJ must consider a disability determination by the VA in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Further, because of the "marked similarity" between the VA and federal disability programs, an ALJ "must ordinarily give great weight to a VA determination

of disability." *Id*. An ALJ may give less weight to such a determination only if he or she "gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*.; *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

Here, first, the ALJ provided absolutely no discussion of the VA's disability rating. (AR at 23-36); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence and explain why it was rejected). Although the disability rating was not admitted during the hearing, it was later received by the Administration and listed by the ALJ as an exhibit in the record at the time of his decision. (*Id*. at 41, 52.) Notably, in his written decision, the ALJ considered other evidence received after the hearing, but made no mention of the disability rating or any of the VA treating psychiatrist's findings. (*Id*. at 33, 41.) Accordingly, it appears the disability rating was simply overlooked.

Second, the omission is especially pronounced considering the VA's determination – that Plaintiff had a 50 percent disability rating due to depression and anxiety – coupled with the VA treating psychiatrist's statement that he was "unemployable" due to those symptoms, may not comport with the ALJ's findings that Plaintiff had the RFC to perform a medium range of work with no mental health limitations except restricted contact with others. (AR at 27, 536); *Lewis v. Astrue*, 2009 WL 4981142, at *6-7 (N.D. Cal. Dec. 15, 2009) (ALJ erred where there was no indication that VA's determination played any role in RFC assessment, and ALJ's conclusion that claimant had only mild restrictions "appears on its face to be inconsistent with a seventy percent disability rating" by the VA).

Third, although the Commissioner postulates several reasons why the disability rating could have been rejected, this Court may not affirm the ALJ on a ground upon

2

which he did not rely. (Joint Stip. at 11)[1]; *see Brown-Hunter v. Colvin*, 2015 WL 6684997, at *4 (9th Cir. 2015); *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

Thus, the ALJ improperly failed to consider the VA's determination.

B. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, because "[t]he ALJ is not compelled to adopt the conclusions of the VA's decisions wholesale," and because there may be persuasive, specific, and valid reasons to discount the VA's determination, the matter is remanded for proper analysis. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). If the ALJ concludes that rejection of the VA's determination is warranted, he shall set forth legally sufficient reasons for rejecting it. *Id.* Given the necessity of remand, the Court need not address Plaintiff's remaining contention.

---

[1] Contrary to the Commissioner's assertion, the ALJ's exploration of other VA records earlier in the decision did not serve to reject the VA's disability determination. (*See* Joint Stip. at 11; AR at 26, 30-31); *Slaughter v. Astrue*, 2013 WL 632222, at *3 (W.D. Wash. Feb. 20, 2013) (ALJ did not reject VA determination by discounting several medical opinions from VA because "the ALJ did not state this was what she was doing . . . [and] did not relate her subsequent analysis of the medical evidence in the record to her rejection of the VA Rating Decision"). Moreover, although the VA treating psychiatrist's disability statement was made after the date Plaintiff was last insured, it relies on years of psychiatric treatment before the date of the statement. (Joint Stip. at 11; AR at 536.) And, in any event, the ALJ considered a multitude of other recent reports, notably finding that "reports [generated] after the date last insured . . . are relevant to [Plaintiff's] credibility." (AR at 31, 33); *see Lingenfelter v. Astrue*, 504 F .3d 1028, 1033 n.3 (9th Cir. 2007) (noting that medical reports made after claimant's disability insurance lapsed were relevant and properly considered).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: December 01, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*